UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MICHELLE CALDERON,<br><br>Plaintiffs,<br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC,<br><br>Defendant. | )<br>)<br>)     1:16-cv-00920-RLY-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Comes now Plaintiff, United States of America ex rel. Michelle Calderon, by counsel, and hereby responds to Defendant, Carrington Mortgage Services, LLC's Motion to Dismiss the Complaint for Failure to State a Claim. Further, Plaintiff is filing an Amended Complaint contemporaneously herewith.

Defendant has alleged Plaintiff's Complaint must be dismissed due to lack of specificity. To the contrary, Plaintiff set forth with extreme specificity the schemes of Defendant and the daily occurrences perpetuating the fraud alleged. With that said, the law in this jurisdiction is very clear with regard to pleading requirements in matters such as the case at bar. It is best laid out as follows:

> While the circumstances constituting fraud must be plead with particularity, a defendant's "malice, intent, knowledge or other condition of mind …. may be averred generally." Fed.R.Civ.P. 9(b). A plaintiff who provides a "general outline of the fraud scheme" Sufficient to "reasonably notify the defendants of their purported role" in the fraud satisfies Rule 9(b). *Midwest Gridning Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). When details of the fraud itself "are within the defendant's exclusive knowledge," specificity requirements are less stringent. *Jespon, Inc. v. Makita Corp.,* 34 F.3d 1321, 1328 (7th Cir. 1994). Rule 9(b)'s heightened pleading standard derives from "the potential stigmatic injury that comes

with alleging fraud" and the desire to discourage a "sue first, ask questions later" approach to fraud litigation. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 f.3d 436, 441-42 (7th Cir. 2011).

*United States ex rel. J. David John v. Hastert*, 82 F.Supp.3d 750, 758 (N.D. Ill. 2015).

Plaintiff has set forth the particular activities in which Defendant was engaged, which provides it with notice of its role in the fraud. Further, Defendant exclusively holds the details of the specific loans on which claims were made to the U.S. Government. Plaintiff has obtained a listing of over 27,000 claims made on the U.S. Government, Division of Housing and Urban Development, by Defendant, all of which have been paid in full to Defendant, well in excess of $200,000,000. This number is made even more astonishing by the fact that these 27,000+ claims are only those claims made from January 1, 2014 to May 1, 2017.

Carrington holds exclusive knowledge as to which of those claims is linked to specific underwriting files on which fraud was committed, as the loan number would be changed once it was closed. Relator has made it clear in the Complaint what the fraudulent activity that lead to and resulted in these claims. With that said, Relator is filing an Amended Complaint herewith to add even more details and identify the employees most active in advancing the fraud and dictating the deceptive activities that were occurring on a daily basis on thousands of files. Plaintiff has provided even more detail to satisfy the "who, what, when, where, and how" standard, to satisfy any mystery Defendant had as to what Plaintiff is alleging it committed.

With regard to the common law causes of action, it is not at all clear that the U.S. Government will not involve itself directly in prosecuting this case, especially considering the information obtained by Relator with regard to the 27,000 claims made by Carrington in the last three years. Further, Relator's prosecution of this matter is on behalf other U.S. Government, and should thereby be permitted to pursue all claims on its behalf, as they are ancillary in nature to the

original claim. Therefore, the common law claims, held by the U.S. Government, should survive until the time of trial, at which time, should the U.S. Government remain unengaged in the direct prosecution of this matter, the Court could revisit Plaintiff's motion to dismiss.

WHEREFORE, Plaintiff, United States of America ex rel. Michelle Calderon, respectfully prays for an order denying Defendant's Motion to Dismiss, and for all other just and proper relief.

Respectfully submitted,

/s/ Jennifer L. Blackwell
Jennifer L. Blackwell, Atty No.: 19269-49

ORZESKE - BLACKWELL, P.C.
50 East 91st Street, Suite 104
Indianapolis, IN  46240
Telephone:  (317) 846-4000
Telecopier: (317) 846-8000
jblackwell@indylitigation.com

Attorney for Plaintiff,
United States of America ex rel. Michelle Calderon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of June, 2017, a copy of the foregoing was filed electronically using the CM/ECF system and is available to all counsel of record using same.

/s/ Jennifer L. Blackwell
Jennifer L. Blackwell