UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MICHELLE CALDERON,<br><br>           Plaintiff/Relator,<br><br>    v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:16-cv-00920-RLY-MJD<br>)<br>)<br>)<br>) |

## **MOTION TO AMEND ORDER**

The United States, by counsel, pursuant to Federal Rule of Civil Procedure Rule 59 respectfully moves that this Court's Order on Defendant's Motion to Dismiss [Filing No. 75] be amended to make clear that any dismissal is without prejudice to the United States. In support of this motion, the United States states:

    1.    On January 10, 2018, this Court granted the Defendant's motion to dismiss. [Filing No. 75 at 1]. While the order makes clear that "Relator Michelle Calderon's state law claims are dismissed without prejudice" [Filing No. 75 at 20], the order does not make clear that dismissal of other claims, including those brought under the False Claims Act are without prejudice.

    2.    The Court's dismissal of Relator's action based on pleading defects in the Relator's Amended Complaint should be without prejudice to the United States and should not limit the government's ability to litigate the same claims. Pursuant to the False Claims Act, a

1

relator files his or her complaint on behalf of the United States and, once the United States has notified the Court that it declines to pursue relator's allegations, relator is generally free to pursue them on his or her own. 31 U.S.C. § 3730. A decision by the United States not to intervene in a matter does not amount to an admission by the United States that it has not suffered an injury. *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 455 (5th Cir. 2005) (citing *United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1458 (4th Cir. 1997). Rather, the FCA allows the United States to decline to intervene for a variety of reasons, and therefore expressly provides the United States with the opportunity to later intervene in a previously declined matter for "good cause." 31 U.S.C. § 3730(c)(3).

3. The Relator, not the United States, files the complaint, files any amendments, and serves the defendant. Because the United States has no part in preparing such complaints, it should not be prejudiced if a relator has failed to plead his or her allegations properly. Accordingly, where a court grants a defendant's motion to dismiss claims in a *qui tam* action in which, as in this case, the United States has declined to intervene, such dismissals are routinely without prejudice to the United States. *See Williams*, 417 F.3d at 454-56 ("[D]ismissal with prejudice as to the United States was unwarranted where, as here, the relator's claims were dismissed on a Rule 12(b)(6) motion based on a lack of specificity in the complaint as required by Rule 9(b)"); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 967 (9th Cir. 1999) (dismissal of relator's complaint on defendant's motion to dismiss was with prejudice to relator and without prejudice to the United States); *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 n.6 (2d Cir. 1995) (affirming dismissal of relator's complaint for failure to comply with the FCA's requirement that *qui tam* complaints be filed

2

under seal but noting that the Government could proceed with the claims against the defendants if it so chose); *United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 28, 40 (D.D.C. 2003) (granting defendant's motion to dismiss in part with prejudice to the relator but without prejudice to the United States). Even if the Relator in this action has failed to plead sufficient information to survive a motion to dismiss, that does not mean that the United States could never successfully plead FCA violations based on Defendants' conduct.

For these reasons, the United States respectfully requests that the Court amend its prior order to make clear that any dismissal is without prejudice to the United States.

                Respectfully submitted,

                JOSH J. MINKLER
                United States Attorney

                s/ *Jill Z. Julian*
By:    Jill Z. Julian
                Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2018, the foregoing Motion to Amend Order was filed electronically through ECF/CM. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Jennifer L. Blackwell
>GOODIN ORZESKE & BLACKWELL, P.C.
>jblackwell@indylitigation.com
>
>Allison J. Zolot
>MAYER BROWN LLP
>azolot@mayerbrown.com
>
>Henninger Simons Bullock
>MAYER BROWN LLP
>hbullock@mayerbrown.com
>
>Jeanine R. Kerridge
>BARNES & THORNBURG LLP
>jeanine.kerridge@btlaw.com
>
>Niketa Kishorkumar Patel
>MAYER BROWN LLP
>npatel@mayerbrown.com

               s/ Jill Z. Julian
               Jill Z. Julian
               Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
(317) 226-6333
(317) 226-5027 [Fax]

4