UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00920-RLY-MJD |
| | ) | |
| CARRINGTON MORTGAGE SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| MICHELLE CALDERON, | ) | |
| | ) | |
| Relator. | ) | |

**ORDER ON MOTION TO STAY DISCOVERY**

This matter is before the Court on Defendant's *Motion to Stay Discovery*. [Dkt. 86.] Defendant contends Relator's Second Amended Complaint [Dkt. 79] again fails to satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b), and now asks the Court to stay all discovery until the Court resolves the second motion to dismiss it intends to file.

A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g., E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108 at *2 (N.D. Ind. Aug.1, 2012). The party seeking a stay has no absolute right to a stay; rather, that party "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *Cloverleaf Golf Course, Inc. v. FMC Corp.*, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011). "[The Court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel.*

1

*Robinson v. Indiana University Health Inc*., 2015 WL 3961221 at *1, (S.D. Ind. 2015) (internal citation omitted). District courts have "extremely broad discretion" in weighing these factors and in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221 at *1.

Relator served this action on Defendant on February 28, 2017 [Dkt. 12], after the United States declined to intervene and the matter was unsealed. Very little progress has been made in discovery during the course of the past year. In fact, in January, the Court ordered the parties to file monthly Joint Reports on the Status of Discovery in an effort to keep the case moving forward and address discovery disputes as they arise. [Dkt. 74.]

On January 10, 2018, the Court granted Defendant's motion to dismiss without prejudice [Dkt. 75], and on January 31, 2018, Relator filed the Second Amended Complaint [Dkt. 79]. Defendant maintains that it plans to file another motion to dismiss before its March 2, 2018 response deadline. Defendant contends good cause exists to stay this action until the Court resolves its second motion to dismiss. Defendant argues the stay is necessary both to effectuate the purpose of Fed. R. Civ. P. 9(b), and to relieve it from the undue burden of responding to additional expansive discovery requests. The Court does not find these arguments to be persuasive in light of the circumstances of this case. This action could be dormant for six months or more while awaiting briefing and a ruling on the second motion to dismiss. At some point, the litigation must move forward and the Court finds that time to be now.

District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously, *see, e.g., James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005); *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."), and the Court thus prefers to avoid

any further delay in the resolution of this case. Consequently, the Court will exercise its discretion to **DENY** Defendant's *Motion to Stay Discovery*. [Dkt. 86.] Discovery shall proceed in accordance with the Case Management Plan and related orders previously entered by the Court.

SO ORDERED.

Dated: 23 FEB 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jennifer L. Blackwell
ORZESKE & BLACKWELL, P.C
jblackwell@indylitigation.com

Henninger Simons Bullock
MAYER BROWN LLP
hbullock@mayerbrown.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov

Jeanine R. Kerridge
BARNES & THORNBURG LLP (Indianapolis)
jeanine.kerridge@btlaw.com

Niketa Kishorkumar Patel
MAYER BROWN LLP
npatel@mayerbrown.com

Allison J. Zolot
MAYER BROWN LLP
azolot@mayerbrown.com